UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRITTAN H. TRAMMELL, II,**

 **Plaintiff,**

v.                **Case No.:**

**BENADA ALUMINUM PRODUCTS, LLC,**

 **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRITTAN H. TRAMMELL, II, by and through undersigned counsel, brings this action against Defendant, BENADA ALUMINUM PRODUCTS, LLC, and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and the Americans with Disabilities Act of 1990, as amended, ("ADA"), 42 U.S.C. § 12101 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Seminole County, Florida.

### PARTIES

4. Plaintiff is a resident of Lake County, Florida, and he worked in Sanford, in Seminole County for Defendant.

5. Plaintiff worked for Defendant as an executive maintenance manager.

6. Defendant operates an aluminum extrusion plant in Sanford located in Seminole County, Florida.

## GENERAL ALLEGATIONS

7. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

8. At the time of these events, Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

9. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

10. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

12. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

13. Plaintiff has satisfied all conditions precedent, or they have been waived.

14. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

15. Plaintiff requests a jury trial for all issues so triable.

## FACTS

16. Plaintiff began working for Defendant on or around April 1, 2010.

17. In or around April 2018, Plaintiff suffered from a serious health condition within the meaning of the FMLA.

18. Specifically, Plaintiff suffers from anxiety, depression, and substance dependence.

19. Plaintiff's physical and mental condition substantially limited Plaintiff's ability to perform one or more major life activities. Plaintiff had a record of such a condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

20. Plaintiff continues to suffer from the aforementioned physical or mental condition.

21. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without reasonable accommodation.

22. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

23. In or around April 2018, Plaintiff informed Defendant of his serious health condition and/or disability.

24. On or around April 29, 2018, Plaintiff requested a reasonable accommodation from Defendant for his disability. Specifically, Plaintiff requested a leave of absence to seek medical treatment for his disability.

25. On or around April 29, 2018, Plaintiff submitted proper medical documentation to Defendant supporting his reasonable accommodation request and FMLA leave request to care for himself.

26. Plaintiff informed Defendant of the reason for his request for a reasonable accommodation and protected leave of absence. Plaintiff also informed Defendant of the sensitive nature of his requests. Specifically, Plaintiff informed Defendant that he needed to check-in to a substance rehabilitation facility and he expected reasonable privacy and discretion by his Defendant employer.

27. Defendant granted Plaintiff's reasonable accommodation request and FMLA leave request to care for himself.

28. On or around May 1, 2018, Plaintiff entered a treatment facility for his disability and/or serious health condition.

29. While Plaintiff was on his FMLA protected leave of absence, Defendant intentionally told Plaintiff's coworkers about him checking into rehabilitation facility for a substance abuse problem.

30. As a result of Defendant's lack of discretion, Plaintiff suffered embarrassing humiliation due to Defendant's statements regarding his disability and/or serious health condition while he was still on leave of absence.

31. Defendant retaliated against Plaintiff based on his disability and/or due to his reasonable accommodation request and/or taking FMLA protected leave.

32. Specifically, when Plaintiff was released to return to work in or around August 2018, Defendant demoted Plaintiff to "third shift" in order to attempt to keep Plaintiff from returning to work.

33. In or around August 2018, Defendant also demoted Plaintiff from his previous salaried position to an hourly position upon his return to work. Plaintiff's new wage structure was reduced to approximately half of the salaried wage Plaintiff previously earned before his reasonable accommodation request and subsequent leave of absence.

34. Plaintiff was unable to accept a wage reduction and was forced to sell his house and relocate elsewhere.

35. The excessive and extreme efforts exercised by Defendant to ensure that Plaintiff was unable to return to work after he informed Defendant of his qualified disability in which he required a reasonable accommodation in the form of a protected FMLA leave of absence, constitutes constructive discharge.

36. On or about August 20, 2018, Plaintiff's employment was constructively terminated after he invoked his FMLA rights and/or due to his FMLA protected absences. In addition, Plaintiff was constructively terminated based on his disability and/or in retaliation for his reasonable accommodation request in violation of the ADA.

37. Plaintiff exercised his rights under the FMLA by taking a protected leave of absence.

38. Defendant violated Plaintiff's rights under the FMLA when he tried to return to work and was demoted without reason which resulted in his constructive termination.

39. Plaintiff exercised his rights under the ADA by requesting a reasonable accommodation for his disability.

40. Defendant violated Plaintiff's rights under the ADA by constructively terminating his employment based on his disability, and/or in retaliation for his reasonable accommodation request.

## **COUNT I – FMLA INTERFERENCE**

41. Plaintiff realleges and readopts the allegations of paragraphs 1 through 38 of this Complaint, as fully set forth herein.

42. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

43. By constructively terminating Plaintiff's employment for taking a leave of absence to care for himself, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

44. Defendant's actions were willful and done with malice.

45. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

46. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 38 of this Complaint, as fully set forth herein.

47. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

48. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

49. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by substantially changing Plaintiff's work and compensation structure when he tried to return to work from his leave of absence and by constructively terminating his employment.

50. Defendant's actions were willful and done with malice.

51. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

52. Plaintiff realleges and readopts the allegations of paragraphs 1 through 40 of this Complaint, as though fully set forth herein.

53. Plaintiff is a member of a protected class under the ADA.

54. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or being regarded as such.

55. Specifically, Defendant discriminated against Plaintiff on the basis of his disability by substantially changing Plaintiff's work and compensation structure and by constructively terminating his employment.

56. Defendant's actions were willful and done with malice.

57. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT IV – ADA RETALIATION

58. Plaintiff realleges and readopts the allegations of paragraphs 1 through 40 of this Complaint, as though fully set forth herein.

59. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

60. Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation for his disability.

61. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by constructively terminating his employment in retaliation for his reasonable accommodation request.

62. Defendant's actions were willful and done with malice.

63. The adverse employment action that Defendant took against Plaintiff was material.

64. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;


j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 29th day of January 2020.

Respectfully submitted,

*/s/ Christopher J. Saba*

**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**